(46 App. Div. 510.)

## In re HUNT'S POINT ROAD.

(Supreme Court, Appellate Division, First Department.  January 5, 1900.)

COMMISSIONERS OF ESTIMATES AND ASSESSMENT—TIME TO COMPLETE PROCEED-
INGS.

The limitations of the consolidation act in reference to extensions of
time for commissioners of estimates and assessment to complete their
proceedings are superseded by the provisions of New York City Charter,
§ 991, authorizing the court to make such order in respect to time and
manner of completing their report as will enable or require them to com-
plete the proceedings with reasonable dispatch, and the later provision
applies to a proceeding pending when the charter went into effect.

Appeal from special term, New York county.

In the matter of the application of the mayor, aldermen, and com-
monalty of the city of New York for the opening of Hunt's Point
road.. From an order extending time for making appraisement,
Charles D. Dickey and Mary W. D. Varnum appeal.  Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

Tompkins McIlvaine, for appellant.

J. P. Dunn, for respondent.

VAN BRUNT, P. J.  The commissioners in this proceeding were
appointed on the 11th of October, 1895, and title to the premises
taken by the opening of the above-entitled street vested in the may-
or, aldermen, and commonalty of the city of New York by virtue of
a resolution of the board of street opening and improvement on April
23, 1896.  On October 27, 1898, the commissioners filed their pre-
liminary report, and objections thereto were heard in November,
1898.  Since that time no proceedings have been had other than the
deliberations of the commissioners.  On the 5th of October, 1899,
a motion was made by the corporation counsel for an order extend-
ing the time of the commissioners of estimates and assessment to
complete their proceedings.  The reason stated in the affidavit upon
which the application was founded for such extension was that there
was pending in the court of appeals a proceeding in which is in-
volved the determination of the question whether interest on the
awards should be included in the assessment for benefit or not, on
the determination of which the assessment for benefit in this case
depends, and until the determination of which it would be impolitic,
expensive, and unnecessary to hasten with this proceeding.  On be-
half of the appellants, it was claimed that this question had been
unanimously decided by the appellate division, and that that decision
should be sufficient for the commissioners.  It was also pointed out
that an important question was involved,—that of what tax year
must govern the commissioners in making up their assessment.  The
court, upon hearing the motion, extended the time of the commis-
sioners until the 13th of April, 1900.

It is claimed by the appellants that the extension granted exceeded
the power of the court, and that, these proceedings having been
begun before the new charter went into operation, the provisions of

the consolidation act governed. This would undoubtedly be true under section 1614 of the charter, which says that "all actions, suits, proceedings, * * * under the New York City consolidation act, * * * and pending when this act takes effect, * * * may be prosecuted and defended to final effect in the same manner as they might under the laws then existing, unless herein otherwise specially provided," if there cannot be found in such charter any provision in relation to the method of procedure in proceedings of this character. It is a familiar rule that no suitor has any vested right in any particular method of procedure which existed at the time the procedure or action in which he seeks to enforce his rights is commenced. The case of a change in the rules of evidence between the commencement of a civil action and its trial illustrates this proposition. The rules of evidence which obtain at the time of the trial govern, although evidence, which at the time of the commencement of the action was under the law incompetent, has been made competent, or vice versa. So, in the case at bar, under the new charter, a complete scheme is provided for these proceedings. Certain changes have been made in the method of procedure and the limitations therein, and it has been held by this court that, so far as procedure is concerned, the provisions of the charter apply to pending proceedings. It has been held that the fees of commissioners in proceedings begun under the consolidation act for services rendered after the charter went into effect are governed by the provisions of the charter, and this seems to be a case exactly parallel in principle with the one now presented for consideration.

The limitations of the consolidation act, in reference to extensions of time for commissioners to complete their proceedings, have been superseded by the provisions of section 991 of the charter of the city of New York, which section gives the court power to make such order, in respect to the time and manner of completing the report of the commissioners, as will enable or require the said commissioners to complete the proceedings on their part with reasonable dispatch. And this seems to be the only limitation upon the power of the court in that regard. We think, therefore, that the court was authorized to extend the time beyond that which was fixed by the limitations contained in the consolidation act. We think, however, that the extension granted was too long. The commissioners certainly should be able to make their report within a considerably shorter time.

The order should therefore be modified by requiring the commissioners to report on or before the 1st of March, 1900, and, as modified, affirmed, without costs. All concur; PATTERSON, J., in result.